# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VIVIAN WATSON | CIVIL ACTION |
| VERSUS | NO. 07-3462 |
| ALLSTATE INSURANCE COMPANY | SECTION "K"(2) |

## ORDER AND OPINION

Before the Court is the Motion for Partial Summary Judgment filed by Defendant Allstate Insurance Company ("Allstate") moving for an order by this Court to dismiss Plaintiff's claims made under the Louisiana Valued Policy Law ("VPL") on the basis that the Plaintiff's damages were not caused exclusively by a covered peril. (Rec. Doc. 21). Plaintiff Vivian Watson ("Watson") filed a Memorandum in Opposition to Defendant's Motion for Partial Summary Judgment asserting that summary judgment is inappropriate because there remains a genuine issue of material fact regarding the "efficient or proximate cause" of Plaintiff's total loss. (Rec. Doc. 50). Defendant has filed a Reply. (Rec. Doc. 60). Having reviewed the documents in the record, the Court grants Defendant's motion for partial summary judgment with respect to Plaintiff's claim under the Louisiana VPL.

## I. BACKGROUND

Prior to August 29, 2005, the day when Hurricane Katrina made landfall in New Orleans, Louisiana, Allstate issued a Deluxe Homeowners policy to the Plaintiff, Vivian Watson, for certain immovable property located at 2438 Congress Street, New Orleans, Louisiana. (Rec. Doc. 1-3). The homeowners policy included dwelling coverage, coverage to other structures and

personal property, as well as additional living expense coverage for up to twelve months. (Rec. Doc. 21-5). Under the subheading entitled "Losses We Do Not Cover Under Coverages A and B", the policy states:

> We do not cover losses to the property described in Coverage A- Dwelling Protection or Coverage B- Other Structures Protection consisting of or caused by: 1. Flood including, but not limited to, surface water, waves, tidal water, or overflow of any body of water, or spray from any of these, whether or not driven by wind.

(Rec. Doc. 21-6). The policy also states under a subheading entitled "Losses We Do Not Cover Under Coverage C":

> We do not cover loss to the property described in Coverage C- Personal Property Protection caused by or consisting of: 1. Flood, including, but not limited to, surface water, waves, tidal water, or overflow of any body of water, or spray from any of these, whether or not driven by wind.

(Rec. Doc. 21-6).

Following Hurricane Katrina, Watson filed suit against Allstate alleging that her property at 2438 Congress Street suffered a total loss caused by wind, wind driven rain, flooding and waters entering the City of New Orleans and surrounding parishes on August 29, 2005. (Rec. Doc. 1). The Complaint sought full face value stated in Watson's homeowner's policy for dwelling and other structures, personal property, and additional living expenses without deduction or offset, pursuant to the Louisiana VPL. (Rec. Doc. 1). Allstate subsequently filed a motion for partial summary judgment requesting that the Plaintiff's claims made under the Louisiana VPL be dismissed on the basis that the Plaintiff's damages were not caused exclusively by a covered peril. (Rec. Doc. 21).

## II. LAW AND ANALYSIS

Under Rule 56(c) of the Federal Rules of Civil Procedure, a motion for summary judgment should be rendered if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "Only disputes over facts that might effect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must "review the facts drawing all inferences most favorable to the party opposing the motion." *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 137 (5th Cir. 2004).

"According to the Louisiana courts, the VPL was adopted for two main purposes: (1) to keep insurers from writing insurance on property for more than it was actually worth, collecting premiums based on that overvaluation, and later arguing that the property was worth less that the face value when the property was destroyed; and (2) to discourage intentional destruction of property by insureds when they are permitted to over insure their property." *Chauvin v. State Farm Fire & Cas. Co.*, 495 F.3d 232, 239 (5th Cir. 2007). Generally, these statutes require an insurer to pay the full value of the structure, as stated in the policy, when the insured has suffered a total loss. *Id.* Louisiana's VPL states:

> A. Under any fire insurance policy insuring inanimate, immovable property in this state, if the insurer places a valuation upon the covered property and uses such valuation for purposes of determining the premium charge to be made under the policy, in the case of a total loss the insurer shall compute and indemnify or compensate any covered loss of, or damage to, such property which occurs during the term of the policy at such valuation without deduction or offset, unless a different method is to be used in the computation of loss, in which latter case, the policy, and any application therefor, shall set forth in type of equal size, the actual method of such loss computation by the insurer. Coverage may be voided under said contract in the event of criminal fault on the part of the insured or the assigns of the insured.

3

La. Rev. Stat. § 22:1318.

Allstate contends that the Plaintiff's claims under the VPL should be dismissed because an excluded peril, namely flood water, partially contributed to the total loss of Watson's home. (Rec. Doc. 20). Defendant argues that "the VPL only requires an insurer to pay the agreed face value of the insured property if property is rendered a total loss from a covered peril." *Chauvin*, 495 F.3d at 239. The Plaintiff asserts that summary judgment is inappropriate because there remains a genuine issue of material fact regarding the efficient and proximate cause of the total loss of her home. (Rec. Doc. 50). This Court will grant Allstate's motion for partial summary judgment, but under a different basis that does not depend on resolution of factual issues concerning causation. Instead, summary judgment will be granted because recovery under the VPL is not permitted for a non-fire insurance policy.

The Louisiana Supreme Court discussed the applicability of the VPL in *Landry v. Louisiana Citizens Property Insurance Co.*, 983 So.2d 66 (La. 2008). In *Landry*, the plaintiffs suffered a total loss to their home as a result of both wind and flood damage caused by Hurricane Rita. *Id.* at 68. The defendant insurer had issued the plaintiffs a homeowners policy that covered wind losses, but excluded flood losses. *Id.* at 70. The plaintiffs filed a suit against the insurer alleging that they were entitled to the full value of their policy pursuant to the provisions of the VPL. *Id.* The Supreme Court of Louisiana ultimately held that the VPL did not apply because the defendant had included a different method of loss computation in the insurance contract. *Id.* at 83. In a lengthy footnote, the Court also discussed whether the VPL applied only to fire insurance policies. The Court stated, "it appears to us that the legislative history of La. R.S. 22:695, combined with the definitions provided in La. R.S. 22:6(10) and (15), and the

4

contrast of the language used in related statutes, reveals that the statute is intended to apply only to fire insurance policies, which may include coverage against other perils as allowed by La. R.S. 22:691 and is distinct from homeowners' policies." *Id.* at 76 n.10.

When deciding issues of state law, this Court must "look to the final decision of the Louisiana Supreme Court." *Moore v. State Farm Fire & Cas. Co.*, 556 F.3d 264, 269 (5th Cir. 2009). However, the Louisiana Supreme Court stated that their decision in *Landry* did not resolve the question of the applicability of the VPL. *Landry*, 983 So.2d at 75-76 ("Because we reach the same result whether the statute applies or does not apply to the instant case, we need not resolve the question of the applicability of the statute in this particular case"). "In the absence of a final decision by the Louisiana Supreme Court, [federal courts] must make an *Erie* guess and determine, in our best judgment, how that court would resolve the issue if presented with the same case." *Moore*, 556 F.3d at 269. *Landry*'s thorough discussion of the applicability of the VPL has made this task fairly simple because the Court concluded, albeit in a footnote, that the VPL only applies to fire insurance policies. *Landry*, 983 So.2d at 76 n.10. This Court has previously followed *Landry* in a case involving claims under the VPL for a total loss caused by Hurricane Katrina. *See In re Katrina Canal Breaches Consol. Litig.*, 601 F. Supp. 2d 809, 825-26 (E.D. La. 2009). In that case, this Court held that the claims under the VPL should be dismissed under *Landry* because "the VPL only applies to claims brought under fire insurance policies" and the plaintiff "has not pleaded this claim under any fire insurance policies, and indeed nowhere mentions fire insurance policies but instead appears to rely only upon homeowners' policies." *Id.* at 826; *see also Crescent City Prop. Redevelopment Assoc., L.L.C. v. USAA Cas. Ins. Co.*, Civ. A. No. 2:06-cv-11420, 2009 WL 982002, at *3 (E.D. La. Apr. 9, 2009)

5

(Lemelle, J.) (holding that the VPL was not applicable because the policy at issue was a homeowners' policy). Therefore, this Court will follow *Landry* and hold that the VPL only applies to fire insurance policies. Because the Plaintiff in the present case was issued a homeowners policy, which is distinguishable from a fire insurance policy, the VPL is not applicable to her claim.

### III. CONCLUSION

For the foregoing reasons, accordingly,

**IT IS ORDERED** that Allstate's Motion for Partial Summary Judgment (Rec. Doc. 21) is **GRANTED**. Plaintiff's claims against Defendant made under the Louisiana VPL are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 17th day of June, 2009.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT JUDGE**